IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00135-PAB-KLM

AMEC EARTH AND ENVIRONMENTAL, INC., a Nevada corporation,

   Plaintiff,

v.

SOLSOURCE ENERGY SOLUTIONS, LLC, a Colorado limited liability corporation, and JEFFREY R. SCOTT, as an individual and resident of Colorado,

   Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Order to Show Cause entered September 15, 2011 [Docket No. 43].

The instant lawsuit involves an alleged breach of contract arising from work performed by Defendant SolSource Energy Solutions, LLC ("SolSource").  Specifically, Plaintiff asserts claims against Defendant SolSource for breach of contract, negligence, and indemnification, and claims against Defendant Scott for breach of fiduciary duty and civil theft, arising from his position as President of SolSource. *See Compl.*, Docket No. 1.  The case is referred to this Court for all pretrial proceedings [Docket No. 9].

On August 10, 2011, the Court issued an order permitting defense counsel to withdraw from representation of Defendants [Docket No. 37].  However, the Court noted that because Defendant SolSource is a corporation and cannot appear in this Court without legal representation, *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001);

D.C.COLO.LCivR 83.3D, new counsel must enter an appearance on its behalf on or before September 2, 2011.  *See* Docket No. 37 at 1.  The Court also informed Defendant SolSource that its failure to comply with the Order "may result in sanctions, including the entry of default judgment . . . ."  *Id.*  Copies of the August 10, 2011 Order were mailed directly to both Defendants [Docket No. 38].

Defendant SolSource failed to comply with the August 10, 2011 Order.  Thus, the Court issued an Order to Show Cause on September 15, 2011, directing Defendant SolSource to show cause, in a writing and filed with the Court, on or before September 26, 2011, as to why default should not be entered against it pursuant to Fed. R. Civ. P. 55(a).[1]  The deadline for Defendant SolSource to respond to the Order to Show Cause has passed, and no response was received.

Defendant SolSource cannot proceed *pro se* in defense of Plaintiff's claims.  *See Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).  To date, no counsel has entered an appearance for Defendant SolSource and no request for extension of time to retain counsel has been made.  Therefore, the Court finds that Defendant SolSource has "failed to . . . otherwise defend" this lawsuit.  *See* Fed. R. Civ. P. 55(a); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992) (recognizing that Rule 55(a)'s "otherwise defend" language provides the court with inherent authority to enter default even if a party has timely answered [or otherwise responded]); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (authorizing entry of default where party failed to comply

---

[1] The Order to Show Cause presumably has been received by Defendant SolSource at the address on the docket, as there is no indication on the docket that mail has been returned to the Clerk's Office as undeliverable.  Additionally, the Court conducted a brief internet search to confirm the address listed on the docket as Defendant SolSource's business address.

with order to obtain counsel); *see also Yates v. Portofino Equity & Mgmt Co.*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588831, at *3 (D. Colo. Aug. 17, 2009) (same).[2]  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#43] is made **ABSOLUTE** and the Clerk of Court is directed to enter **DEFAULT** against Defendant SolSource pursuant to Fed. R. Civ. P. 55(a).

IT IS FURTHER **ORDERED** that any Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) shall be filed on or before **October 31, 2011**.  The Motion shall be served upon Defendant SolSource by mailing a copy, along with this Order, to Defendant SolSource at the address listed on the docket.

IT IS FURTHER **ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant SolSource at the address listed on the docket.

Dated:  September 29, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

[2] Although Rule 55(a) references only the clerk's authority to enter default, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2682, at 19 (3d ed. 1998).  Further, although the Court could arguably recommend that judgment be entered against Defendants as a sanction pursuant to Fed. R. Civ. P. 41(b) and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Court chooses not to do so here given the clear application of Fed. R. Civ. P. 55(a) and the lack of briefing regarding the amount for which judgment should be entered.