IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00135-PAB-KLM

AMEC EARTH AND ENVIRONMENTAL, INC.,

    Plaintiff,

v.

SOLSOURCE ENERGY SOLUTIONS, LLC,

    Defendant.

---

# ORDER

---

    This matter is before the Court on the Motion for Default Judgment [Docket No. 48] and a supplemental brief electing remedies for damages [Docket No. 56] filed by plaintiff AMEC Earth and Environmental, Inc.

    On January 20, 2011, AMEC initiated this action against defendant SolSource Energy Solutions, LLC ("SolSource") for breach of contract, negligence, indemnification, breach of fiduciary duty, and civil theft.  *See* Docket No. 1.  SolSource, however, "failed to plead or otherwise" defend against the lawsuit.  Fed. R. Civ. P. 55(a).  Therefore, upon Order of Magistrate Judge Kristen L. Mix [Docket No. 44], on September 30, 2011, the Clerk of the Court entered default against SolSource [Docket No. 47].  SolSource has not sought relief from the Clerk's entry of default.

On October 26, 2011, AMEC filed the present motion for entry of judgment by default pursuant to Rule 55(b) [Docket No. 48].[1]  AMEC's motion sought $2,625,117.69 in damages and $91,300.68 in attorneys' fees.  Docket No. 48 at 5, ¶¶ 21, 23.  Specifically, AMEC requested damages consisting of the following: (1) $258,930.86 to cure SolSource's allegedly negligent construction; (2) $53,291.80 for the unpaid wages of SolSource's employees; and (3) $2,312,895.03 in treble damages because of SolSource's non-compliance with the Colorado Trust Fund Statute, Colo. Rev. Stat. § 38-22-127, and Colorado's civil theft statute, Colo. Rev. Stat. § 18-4-401 *et seq*.  Docket No. 48 at 6, ¶¶ 1-6.

On February 22, 2012, the Court granted defendant Jeffrey R. Scott's motion to dismiss [Docket No. 33] AMEC's claims for breach of fiduciary duty and civil theft.  *See* Docket No. 49.  In that order, the Court held that AMEC does not have standing to pursue a claim against SolSource under the Colorado Trust Fund statute.  *See* Docket No. 49 at 12-13.  The Court also dismissed AMEC's civil theft claim.  *Id*.

---

[1] SolSource may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default against defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  10A Wright & Miller § 2688, at 63.

Because the Court dismissed two of AMEC's claims for relief after AMEC filed its motion for default judgment, and because AMEC relied on both contract and tort law to recover damages, the Court reserved ruling on AMEC's motion for default judgment. *See* Docket No. 55 at 5-6.  Instead, the Court ordered AMEC to file a supplemental brief electing remedies and discussing the potential application of the economic loss rule.  *Id*.  In its supplemental brief, AMEC clarifies that, because it seeks damages solely pursuant to the terms of the subcontract, the economic loss rule is not implicated. Docket No. 56 at 3, ¶ 10.

According to its supplemental brief, AMEC seeks $312,222.66 for damages it incurred to repair SolSource's allegedly negligent construction pursuant to the subcontract's defective work clause.  *See* Docket No. 1 at 3-4, ¶¶ 13-14; Docket No. 48-2 at 11, ¶ 26.  AMEC also requests $770,965.01 for damages it sustained when SolSource failed to provide payments to its lower-tier subcontractors pursuant to the subcontract's default clause.  *See* Docket No. 1 at 11-14, ¶¶ 60, 74, 75(h); Docket No. 56 at 3, ¶ 9.  After reviewing the well-pleaded allegations in AMEC's complaint [Docket No. 1] and accompanying affidavits, the Court finds that the facts alleged in the complaint, accepted as true, support the award of $1,083,187.67 in damages for SolSource's breach of the subcontract.  Additionally, given that SolSource is a limited liability company, it is not a minor, an incompetent person, or a person in military service.  *See* Docket No. 48-6 at 2, ¶ 6.

AMEC seeks attorneys' fees it claims are due under the terms of the subcontract.  Docket No. 56 at 3, ¶ 12.  The subcontract, in relevant part, states that "[t]he prevailing party in any dispute shall be entitled to a reasonable sum of attorneys'

3

fees (including those incurred prior to the action being filed), court costs and any costs incurred in enforcing a judgment or settlement." Docket No. 48-2 at 13, ¶ 30. AMEC claims that, through July 31, 2012, it incurred $99,319.13 in attorneys' fees to prosecute this action. Docket No. 56-1 at 4, ¶ 13.[2]

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir.1995). Although the current motion is unopposed, the Court is required to determine whether AMEC's proposed attorneys' fee calculation is reasonable. *Hensley*, 461 U.S. at 433.

---

[2]A prevailing party is one who prevails on a significant issue in the litigation and derives some of the benefits sought in the litigation. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 231 (Colo. 2004). Generally, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994). As noted above, AMEC has pled sufficient facts to secure a default judgment on its claims for breach of contract and therefore is the prevailing party in the dispute. *See id*. As the prevailing party, AMEC is entitled to its reasonable attorneys' fees.

4

Having reviewed the detailed billing records submitted by AMEC's attorney, Christopher J. Sutton, [Docket No. 56-2], the Court finds that the hourly rates for attorneys Sutton, Craig M.J. Allely, William H. Fronczak, Joanna M. Thies, and Michael A. Sink are reasonable given the prevailing market rates for attorneys with similar experience.  In addition, the Court finds that the hourly rate for parelegal Steven L. Terry is reasonable and that AMEC's submitted time entries are neither duplicative or otherwise improper.

Accordingly, it is

**ORDERED** that plaintiff AMEC's Motion for Default Judgment against Defendant SolSource Energy Solutions, LLC [Docket No. 48] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff AMEC and against defendant SolSource Energy Solutions, LLC in the amount of $1,083,187.67.  It is further

**ORDERED** that plaintiff AMEC shall be awarded $99,319.13 in attorneys' fees.  It is further

**ORDERED** that, withing 14 days of the entry of judgment, plaintiff AMEC may have its costs by filing a bill of costs with the Clerk of the Court.

DATED August 27, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge